361 P.2d 1118

**SOUTHEAST FURNITURE COMPANY a corporation, Plaintiff and Respondent,**

v.

**GRANITE HOLDING COMPANY, a corporation, Defendant and Appellant.**

**No. 9175.**

Supreme Court of Utah.

May 16, 1961.

Owen & Ward, Salt Lake City, for appellant.

Backman, Backman & Clark, Alton C. Melville, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment negativing defendant's claim of an easement over plaintiff's property. Affirmed, with costs to plaintiff.

In 1939 plaintiff acquired property from defendant by deed, in which a rather circuitous access right of way was granted, with an additional provision therein that the grantor reserved a right to change its location.

In 1941, plaintiff acquired a 130-foot strip of land leading easterly from McClelland Street to a 40-foot area owned by defendant, which in turn abutted the property sold by defendant to plaintiff. Defendant moved some sheds from the 40-foot area, and plaintiff blacktopped that footage and also the 130-foot strip, creating a continuous right of way direct from McClelland Street. Plaintiff has paid taxes on such 130-foot strip and has maintained it and the 40-foot area ever since. Defendant has not contributed or offered to contribute any maintenance thereof whatever. A sign announcing a permissive use only was placed at the entrance to the way by plaintiff about 1945. However, both plaintiff and defendant have used the way jointly.

Defendant claims a right to use the way because of 1) an executed oral contract not subject to the statute of frauds, 2) by estoppel, 3) by implied agreement, 4) by public dedication. It also claims certain errors which we conclude need no treatment here in the light of what we have to say hereinafter.

The trial court found against defendant on all factual issues and it appears from the record that there was substantial competent and believable evidence to support his conclusions such as impels us to affirm.

The most significant and compelling facts are recited above. Other facts pointed to by defendant, such as joint use of the way, closure of the previous right of way, inaccessibility for a time, of a means of ingress except over the new way, etc. do not establish any clear oral or implied agreement, particularly when claimed to have been executed by two principals, now deceased and interjected into this case only by testimony as to what they said many years ago. Nor does any public dedication clearly appear, since whatever effort may have been made in that direction, it clearly failed when Salt Lake City refused to accept the property as a public road. No estoppel was clearly shown either, and could have only been reflected by inference or conjecture.

It is as much, or more, significant to us that in changing the right of way from a long, circuitous one to a short, straight one, was but the performance of an obligation created by deed, and the taking advantage of a reserved right to shift the way,—all of which benefited defendant at least by eliminating its expense of maintaining the old way and, as a practical matter, by shifting the expense of the new way onto plaintiff. The trial court seems to have come to such a conclusion, and certainly the written language of the deed plus the actions of the parties, without exchanging easement deeds, seems more impressive than a claimed oral contract, an estoppel or a public dedication.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in result.